# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RICCO MAYE, | : | Case No. 2:25-cv-801 |
| | : | |
| Plaintiff, | : | District Judge James L. Graham |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| KEVIN KELLEY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff Ricco Maye is a federal prisoner who was convicted by a jury on fourteen counts and is awaiting sentencing by Chief Judge Morrison. *See U.S. v. Ricco Maye*, S.D. Ohio Case Number 2:20-cr-203-1. In this civil case, which Plaintiff filed after he was convicted, he seeks relief under 42 U.S.C. § 1983 against various local and federal officials. (Complaint, Doc. 1-1, at PageID 13-18, 33). Plaintiff's claims therefore arise under both Section 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which is the federal equivalent to Section 1983. Plaintiff has been granted leave to proceed *in forma pauperis*.

This matter has been referred to the undersigned Magistrate Judge for a *sua sponte* review of the Complaint to determine whether it, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). For the following reasons, the undersigned **RECOMMENDS** that the Complaint be **DISMISSED** without prejudice.

I.     **LEGAL STANDARDS**

    A.     **Requirement To Screen Plaintiff's Complaint**

Because Plaintiff is a prisoner who is seeking "redress from a governmental entity or officer or employee of a governmental entity," the Court is required to screen the Complaint to determine whether it, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners").

    B.     **Determining That a Complaint is Frivolous**

A complaint is frivolous if the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest that clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of being irrational or 'wholly incredible.'" *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional," *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010), or "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429-30 (6th Cir. 2009).

### C. Determining That a Complaint Fails to State a Claim Upon Which Relief May Be Granted

The Court is required to dismiss complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). To avoid dismissal under this standard, the complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under §§ 1915A(b)(1) and 1915(e)(20(B)(ii)"). Thus, the complaint must include factual allegations that are both **well-pleaded** and **plausible**.

Factual allegations are well-pleaded if they are specific and support the plaintiff's claims. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (courts need not accept "non-specific factual allegations and inferences"). "[A] legal conclusion couched as a factual allegation" is not well-pleaded and need not be accepted as true. *Twombly*, 550 U.S. at 555; *see 16630 Southfield Ltd. Partnership v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) ("[C]onclusory allegations … that the defendant violated the law" do not state a claim on which relief can be granted); *Frazier*, 41 F. App'x at 764 (6th Cir. 2002) (courts need not accept "unwarranted legal conclusions").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also 16630 Southfield Ltd. Partnership v.*

3

*Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (internal quotations and citation omitted) ("[T]he sufficiency of a complaint turns on its factual content, requiring the plaintiff to plead enough factual matter to raise a plausible inference of wrongdoing."). Whether an inference is plausible "depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Iqbal*, 556 U.S. at 678.

In addition, a "complaint must contain either direct or inferential allegations respecting all the material elements" of a claim "to sustain a recovery under *some* viable legal theory." *Columbia v. Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (emphasis in original).

### D. Liberal Construction of *Pro Se* Complaints

Plaintiff is representing himself *pro se* – that is, without the assistance of counsel. This Court is required to liberally construe a *pro se* complaint and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This standard may require "active interpretation in some cases [in order] to construe a *pro se* petition to encompass any allegation stating federal relief." *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). Nevertheless, a *pro se* complaint must adhere to the "basic pleading essentials" and the Court should not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Instead, the complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

## II. BACKGROUND

On November 12, 2020, a federal grand jury returned a six-count indictment against Plaintiff in *United States v. Ricco L. Maye, et al.*, S.D. Ohio No. 2:20-cr-203-1 (the "Criminal Case"). On November 10, 2021, the grand jury returned a fourteen-count third superseding

indictment that charged Plaintiff with drug trafficking, sex trafficking, mail and wire fraud, obstruction, and witness tampering.  (Criminal Case, Docs. 4, 28, 117 & 211).  United States District Court Chief Judge Sarah Morrison conducted a jury trial and Plaintiff was found guilty on all fourteen counts. His sentencing is currently set for October 8, 2025.  (*Id*., Doc. 760).

On July 18, 2025, Plaintiff filed this lawsuit against twenty-nine Defendants: Chief Judge Morrison, two federal prosecutors, three defense attorneys, a private investigator, two federal agents with the Bureau of Alcohol, Tobacco, and Firearms (ATF), a federal agent with the United States Marshal Service (USMS), eighteen members of the Columbus and Whitehall police departments, and the "MX908" drug testing kit.  (Complaint, Doc. 1-1 at PageID 13-18). Plaintiff's claims fall into two categories: (1) the conditions of his pretrial detention prevented him from preparing a defense; and (2) he was wrongfully convicted because he is actually innocent, his attorneys provided ineffective assistance, there were procedural irregularities in the investigation of his charges, and there was prosecutorial misconduct.  (*Id.* at PageID 19, 21-31). For relief, Plaintiff seeks "Fifty Million United States Dollars non-taxed" and various forms of injunctive relief, including a new trial and dismissal of the charges.  (*Id*. at PageID 24, 33).

**III.    LAW AND ANALYSIS**

As explained below, because Plaintiff has not yet been sentenced in the Criminal Case, this action cannot proceed at this time as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. Moreover, because both categories of claims in Plaintiff's Complaint—namely, challenges to the conditions of his pretrial detention and his convictions in the Criminal Case— seek to undermine the validity of ongoing criminal proceedings and the integrity of the verdict against him, Plaintiff cannot assert those claims at this time.  Accordingly, the undersigned recommends that all claims in the Complaint be dismissed without prejudice.

### A. The Complaint Cannot Be Construed as Seeking a Writ of Habeas Corpus

Generally, a federal prisoner who seeks to collaterally attack the validity of his conviction or sentence must invoke 28 U.S.C. § 2255. *Harrington v. Ormond*, 900 F.3d 246, 249 (6th Cir. 2018). Here, Plaintiff did not seek relief under Section 2255. Moreover, even if he had done so, his claim would be premature because Section 2255 does not authorize Plaintiff to file a lawsuit until <u>after</u> he has been sentenced:

> A prisoner in custody **under sentence of a court** established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, **may move the court which imposed the sentence** to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added).

Because Plaintiff cannot seek relief under Section 2255 at this time, the Court cannot construe the Complaint as seeking a writ of habeas corpus. *See United States v. Boyd*, No. 06-cv-13516, 2006 WL 2347525 (E.D. Mich. Aug. 31, 2006) (dismissing without prejudice Section 2255 motion filed before sentencing). Therefore, the Complaint should be dismissed as premature to the extent that it seeks to collaterally attack Plaintiff's convictions. The undersigned also notes that if Plaintiff wishes to seek relief under Section 2255, he must do so "in the court which imposed the sentence"—that is, in the Criminal Case. 28 U.S.C. § 2255(a).

### B. The *Heck* Doctrine Bars Plaintiff's Civil Rights Claims

In his first category of claims, Plaintiff alleges that he was placed in solitary confinement, subjected to "unlawful searches," and denied visits, access to his attorneys, effective assistance of counsel, and privileges received by other inmates, in violation of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. (Complaint, Doc. 1-1 at

6

PageID 19). Plaintiff contends that as a result of these alleged actions he was "refused . . . all means of communication to help further [his] defense," hampered in the "investigation into [his] case," and left "unable to prepare a proper defense." (*Id*.).

In his second category of claims, Plaintiff alleges that he was convicted of charges he "did not commit." (Complaint, Doc. 1-1 at PageID 21). Plaintiff asserts that his convictions were the result of "misconduct, bribery, threats, . . . manipulation of CPD [Columbus Police Department] reports, and disappearance of BWC/DASH camera from the end of 2018 to the present day." (*Id*.). He challenges numerous aspects of his criminal proceedings under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and seeks "a new trial, and even a dismissal of all charges." (*Id*. at PageID 24).

Although these claims are couched in the guise of civil rights violations, Plaintiff is clearly attacking the validity of his convictions. *See, e.g., Fly v. United States*, No. 1:18-cv-063, 2023 WL 10447544, at *24 (D.N.D. Dec. 15, 2023), *report and recommendation adopted in part, rejected in part on other grounds*, 2024 WL 1188806 (D.N.D. Jan. 29, 2024), *aff'd*, No. 24-1566, 2024 WL 4225714 (8th Cir. July 10, 2024) (allegations that pretrial detention conditions severely restricted plaintiff's ability to communicate with defense counsel and prepare a defense amounted to a "backdoor" challenge to the conviction); *Armajo v. State of Minnesota*, No. 22-cv-396, 2022 WL 2919447, at *2 (D. Minn. June 27, 2022), *report and recommendation adopted sub nom. Armajo v. Minnesota*, 2022 WL 2918980 (D. Minn. July 25, 2022), *aff'd*, No. 22-2791, 2022 WL 18781409 (8th Cir. Oct. 6, 2022) (allegations that jail conditions "deprived [plaintiff] of his ability to defend against the criminal charges . . . necessarily impl[ied] the invalidity of his conviction").

At this time, Plaintiff is barred from asserting claims under *Bivens* or Section 1983 that attack the validity of his criminal convictions. Under the so-called *Heck* favorable termination rule (also known as the *Heck* doctrine), a plaintiff may not assert *Bivens* or Section 1983 claims that question the validity of his conviction or sentence unless he demonstrates that the conviction or sentence has been reversed on direct appeal, declared invalid, expunged by executive order, or called into question in a habeas corpus proceeding. *Lanier v. Bryant,* 332 F.3d 999, 1005-06 (6th Cir. 2003); *Robinson v. Jones,* 142 F.3d 905, 907 (6th Cir. 1998) ("While *Heck* [*v. Humphrey*, 512 U.S. 477 (1994),*]* concerned an action brought under 42 U.S.C. § 1983, we adopt the rule … that the *Heck* [rule] applies equally to an action brought under *Bivens*.") (citing cases). Because Plaintiff's criminal proceedings are ongoing, he cannot meet this standard. Therefore, all of his claims are barred by the *Heck* doctrine and should be dismissed without prejudice.

        **C.**        **The Undersigned Does Not Reach Additional Grounds for Dismissal**

The undersigned notes that certain claims that Plaintiff asserts against certain Defendants are likely barred as a matter of law due to judicial immunity, prosecutorial immunity, or the fact that some Defendants are not subject to being sued under *Bivens* or Section 1983. In light of the prematurity of Plaintiff's claims and in furtherance of the interest in judicial economy, however, the undersigned will not address those issues at this time.

<strong>IT IS THEREFORE RECOMMENDED THAT:</strong>

        1.        The Court **DISMISS without prejudice** the entirety of Plaintiff's Complaint because his claims are premature and/or barred by the *Heck* doctrine; and

        2.        The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v.* 114 F.3d 601 (6th Cir. 1997).

| | |
|---|---|
| August 6, 2025 | /s/ Caroline H. Gentry |
| Date | CAROLINE H. GENTRY |
| | United States Magistrate Judge |

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).